<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCUS ERODICI,<br><br>        Plaintiff,<br><br>   v.<br><br>BOARDWALK REGENECY LLC d/b/a CAESARS ATLANTIC CITY, *et al.*,<br><br>        Defendants. | Civil Action No. 23-4062 (GC) (RLS)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant Boardwalk Regency LLC d/b/a Caesars Atlantic City's letter stating that medical expert Dr. Lawrence Barr will not provide a certification explaining the circumstances that prevent him from testifying at trial.  (ECF No. 96); and

**WHEREAS** on February 5, 2026, the Court scheduled trial for April 27, 2026.  (ECF No. 60 at 3); and

**WHEREAS** on March 25, 2026, Defendant indicated its intent to play the *de bene esse* video testimony of Dr. Barr at trial in lieu of providing live testimony.  (ECF No. 77-1 at 2); and

**WHEREAS** on March 27, 2026, the Court entered a Text Order informing the parties that it would not permit testimony in the format of *a de bene esse* video deposition to the extent such testimony does not comply with Federal Rule of Civil Procedure (Rule) 32 as Dr. Barr is based in New Jersey.  (ECF Nos. 78; *see also* ECF No. 61 at 12; ECF No. 79 at 1); and

**WHEREAS** Rule 32 states that a "party may use for any purpose the deposition of a [unavailable] witness . . . if the court finds . . . that the witness cannot attend or testify because of

age, illness, infirmity, or imprisonment . . . or . . . on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(C), (E); and

**WHEREAS** on March 30, 2026, Defendant filed a letter indicating that "Dr. Barr advised our office that he will not testify live, in person." (ECF No. 79 at 1.) Defendant further stated that Dr. Barr was unavailable to schedule a *de bene esse* video deposition until after the April 27, 2026 trial date and therefore requested the Court adjourn the trial until after Dr. Barr's scheduled *de bene esse* video deposition on May 14, 2026. (*Id.* at 1-2); and

**WHEREAS** on April 2, 2026, the Court held a telephonic conference with the parties and ordered Defendant to file a letter "with citation to appropriate authorities" explaining why "the Court should permit Defendant to play the *de bene esse* video deposition testimony" of Dr. Barr under Rule 32. (ECF No. 82); and

**WHEREAS** on April 7, 2026, Defendant filed a letter stating that "Dr. Barr advised that he has a number of medical concerns currently ongoing. Defendant wishes to address the issues expressed by Dr. Barr with due respect for Dr. Barr's privacy with respect to his medical conditions. Dr. Barr advised that he has cataracts and has cataract surgery scheduled for April 15, 2026. He anticipates a recovery period following surgery. Additionally, Dr. Barr indicates he has a follow-up visit scheduled with his treating physician related to another condition in which they intend to discuss the need for an abdominal surgery as well as a course of treatment afterwards." (ECF No. 86 at 2.) Defendant did not cite to any caselaw applying Rule 32(a)(4)(C) or (E). (*See id.* at 1-2); and

**WHEREAS** on April 7, 2026, Plaintiff filed a letter in response stating that it "will not take a position as to the defense's request" but "would be curious to learn whether Dr. Barr . . . continues to conduct-in person treatment, surgeries, or [Defense Medical Examinations]" during the week of trial.  (ECF No. 87 at 4); and

**WHEREAS** on April 16, 2026, the Court held a second telephonic conference with the parties, adjourned the trial to June 1, 2026 so that Dr. Barr could recover from his cataract surgery, and gave Defendant an additional opportunity to make a submission to the Court as to why Dr. Barr should be permitted to appear via video deposition, including the opportunity to submit a certification addressing Plaintiff's concerns. (ECF No. 93.)  The Court made clear that detailed information was not required and invited Defendant to file the certification under seal to address any privacy concerns.  (*Id.*); and

**WHEREAS** on April 24, 2026, Defendant filed a letter stating Dr. Barr "does not feel comfortable, even under seal, filing the prepared certification divulging the specifics of his current medical conditions[.]"  (ECF No. 96.)  Defendant maintains that Dr. Barr should nonetheless "be permitted to testify via videotaped *de bene esse* trial deposition pursuant to" Rule 32(a)(4)(C) and (E).  (*Id.*); and

**WHEREAS** on April 24, 2026, Plaintiff filed a response stating that whether Defendant's letter "is acceptable is left to the Court's discretion" but Defendant failed to address Plaintiff's concern over "whether Dr. Barr was continuing to travel to his office for in-person treatment or medical evaluations" during trial.  (ECF No. 97); and

**WHEREAS** the Court has rescheduled trial to accommodate Dr. Barr, given Defendant multiple opportunities to explain why the Court should permit a *de bene esse* video deposition of Dr. Barr under Rule 32, received no caselaw from Defendant in support of its position, and must

3

make its decision based solely on counsel's representation that Dr. Barr underwent cataracts surgery on April 15, 2026 and has a consultation scheduled with a treating physician about an abdominal surgery at an unspecified date; and

**WHEREAS,** "[a]llowing a party to use a deposition over the live in-court testimony of an otherwise available witness would . . . undermine the importance of presenting live testimony." *Kirby v. J.C. Penny Corp.,* Civ. No. 08-1088, 2009 WL 3651199, at *2 (W.D. Pa. Oct. 29, 2009); *see also Crossley v. Lieberman*, 868 F.2d 566, 568-69 (3d Cir. 1989) (affirming decision to permit deposition under Rule 32 when party's testimony revealed that she was "an elderly, infirmed individual" who was a "heavy smoker," "had trouble breathing," and had no car to drive to the courthouse); *Whitlock v. Allstate Fire & Cas. Ins. Co.*, 635 F. Supp. 3d 371, 381 (E.D. Pa. 2022) (denying motions to present deposition testimony of physicians at trial under Rule 32 when physicians had "full patient load[s]"). Accordingly, under the circumstances presented by Defendant, the Court is unable to find that Dr. Barr "cannot attend or testify because of age, illness, infirmity, or imprisonment" nor can it find that "exceptional circumstances make it desirable . . . to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(C),(E); and for other good cause shown,

**IT IS** on this 29th day of April, 2026, **ORDERED** as follows:

1. Defendant's request to use the *de bene esse* video deposition of Dr. Barr at trial is **DENIED**.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

4